# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>    Plaintiff,<br><br>v.<br><br>Complete Senior Health LLC, et al.,<br><br>    Defendants. | No. CV-23-02686-PHX-DJH<br><br>**ORDER SETTING RULE 16 SCHEDULING CONFERENCE** |

  Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a <u>Scheduling Conference</u> is set for <u>May 2, 2024</u> at <u>11:00 a.m.</u> in Courtroom 605, Sandra Day O'Connor United States Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003.  In preparation for this Scheduling Conference, and taking into account that Rule 1 of the Federal Rules of Civil Procedure requires that these Rules be construed and administered to secure the just, speedy and inexpensive determination of every action,

  **IT IS HEREBY ORDERED** as follows:

A. *<u>Rule 26(f) Meeting and Filing of the Joint Case Management Report</u>*

  The parties are directed to meet and confer **at least 21 days** before the Scheduling Conference as Fed.R.Civ.P. 26(f) requires.  It is the plaintiff's responsibility to initiate the Rule 26(f) meeting and prepare the Joint Case Management Report.  The defendants shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Joint Case Management Report.

  Plaintiff shall file the parties' Joint Case Management Report with the Clerk **not**

**less than seven (7) days** before the Rule 16 Scheduling Conference.

The Court will use the Joint Case Management Report for purposes of entering a Rule 16 Scheduling Order. Therefore, the parties should be prepared to have the Joint Case Management Report serve as the sole basis for the Court's Rule 16 Scheduling Order.

If the parties currently are engaged in settlement negotiations, the defendants' counsel shall advise the Court **within seven (7) days** from the date of this Order, and shall specify the date by which the parties expect to conclude their settlement negotiations.

### B.  *Joint Case Management Report*

At the Rule 26(f) Case Management Meeting, the parties shall discuss the following matters and develop a Joint Case Management Report. This Joint Report shall include individually numbered paragraphs addressing the following:

1. A list of the parties in the case, including any parent corporations or entities (for recusal purposes);

2. A short statement of the nature of the case (3 pages or less), including a description of each claim and each affirmative defense, and identifying the factual and legal issues genuinely in dispute;

3. The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific statutes, if any;

4. Parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared, including fictitious parties. Unless any party can otherwise show cause, an order shall accompany the Joint Case Management Report dismissing any party which has not been served, naming fictitious or unnamed parties, or seeking default judgment on any non-appearing party.

5. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline of not later than 60

days from the issuance of the Rule 16 Scheduling Order);

    6.    A list of contemplated motions and a statement of the issues to be decided by these motions;

    7.    Whether the parties will consent to the assignment of this action to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c);

    8.    The status of related cases pending before other courts or other judges of this Court;

    9.    A statement of when the parties exchanged or will exchange Fed.R.Civ.P. 26(a) Initial Disclosures;

    10.    A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it will be produced (*see* Fed.R.Civ.P 16(b)(3)(B)(iii); Fed.R.Civ.P. 26(f)(3) (C));

    11.    A discussion of any issues relating to claims of privilege or work product (*see* Fed.R.Civ.P. 16(b)(3)(B)(iv); Fed.R.Civ.P. 26(f)(3)(D));

    12.    A discussion of necessary discovery, including:

        a.    The extent, nature, and location of discovery anticipated by the parties;

        b.    The scope of discovery and whether discovery should be conducted in phases or should be limited to focus on particular issues.

        c.    Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

        d.    The number of hours permitted for each deposition, unless modified by agreement of the parties. *See* Fed.R.Civ.P. 30(d)(1).

    13.    Proposed specific dates for each of the following:

        a.    A deadline for the completion of fact discovery;[1]

---

[1] Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes. Parties who fail to timely disclose relevant information will be precluded from using it in the case and may be subject to other sanctions. Parties who unreasonably postpone disclosure of relevant information to the end of the discovery period may also be subject to sanctions.

1    　　　　　b.　　Dates for complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(E), including separate dates for plaintiff's expert disclosure, defendants' expert disclosure, and for rebuttal expert disclosure; [2]

　　　　　c.　　A deadline for completion of all expert depositions;

　　　　　d.　　A deadline for filing dispositive motions;

　　　　　e.　　A date by which the parties shall have engaged in face-to-face good faith settlement talks;

　　14.　　Whether a jury trial has been requested and whether the request for a jury trial is contested and, if so, the reasons why the request is contested;

　　15.　　The estimated length of trial; and

　　16.　　The prospects for settlement, including any request of the Court for assistance in settlement efforts, including referral to a United States Magistrate Judge for the limited purposes of settlement.

C. *Other Matters*

**IT IS FURTHER ORDERED** directing any party appearing *pro se* to become familiar with the Local Rules and the Federal Rules of Civil Procedure. Such parties are advised of the Free Self-Service Clinic at the Phoenix courthouse. For information, visit the Court's internet site at: www.azd.uscourts.gov. Proceed to the box entitled *Information for Those Proceeding Without an Attorney* and then the link entitled *Federal Court Self-Service Center Phoenix*.

　　The parties are expected to comply fully with the Federal and Local Rules of Civil Procedure and to minimize the expense of discovery. Additionally, the parties should ensure that all filings comply with Local Rules of Civil Procedure 7.1, 7.2, and 56.

　　The Clerk of the Court shall send copies of this order to all counsel of record and

---

[2] No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

to any unrepresented parties.

**IT IS FINALLY ORDERED** that Plaintiff shall serve a copy of this order upon any Defendant(s) who have not yet appeared and shall file notice of service.

Dated this 26th day of February, 2024.

Honorable Diane J. Humetewa
United States District Judge